## BURKE, MIELE & GOLDEN, LLP

30 MATTHEWS STREET
SUITE 303A
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080

FAX (845) 294-7673

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE

DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
KARIN T. ANTIN

JOSEPH P. MCGLINN (1941-2000)

\* ADMITTED IN NEW YORK & NEW JERSEY
\*\* ADMITTED IN NEW YORK & MASSACHUSETTS

ROCKLAND COUNTY OFFICE:
100 WASHINGTON AVENUE
POST OFFICE BOX 397
SUFFERN, N.Y. 10901
(845) 357-7500
(845) 357-7321 (FAX)

REPLY TO:  ☐  ORANGE CO.
           ☐  ROCKLAND CO.

Respond to Post Office Box

January 30, 2008

Honorable Charles L. Brieant
United States District Court Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Via Facsimile (914) 390-4085**

Re:   United States v. Dionicio Arias
      07 CR 813 (CLB)

Dear Judge Brieant:

I am submitting this letter brief in connection with Dionicio Arias sentencing which is scheduled before your Honor on Tuesday, February 5, 2008. I ask the Court to consider the reasons set forth in this letter brief to arrive at a reasonable non-guideline sentence for Mr. Arias. We apologize for the submission of this sentencing memorandum on such a late date but we just received the final pre-sentence report from the probation department on Friday January 25, 2008.

As the Court is aware, Mr. Arias has pled guilty to one count of Illegal Re-Entry Into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Arias admitted that, on or about May 18, 2006, he entered and was found in the United States after having been deported from the United States subsequent to a conviction for an aggravated felony.

A violation of 8 U.S.C. § 1326(a) and (b)(2) carries a maximum sentence of twenty years. The *Pimentel* letter in this case inaccurately computes Mr. Arias' criminal history points at 14 which results in a Criminal History Category VI. In paragraph 5 of page three of the *Pimentel* letter 2 points were incorrectly added under U.S.S.G. § 4A1.1(e). (Attached as Ex. A) By adding these two points, Mr. Arias' adjusted guideline range would call for a sentencing range of 77-96 months. Mr. Arias did not commit the instant offense within two years of his release. We agree with the pre-sentence report which correctly notes that these two points should not be added and the criminal history points should be 12. This results in a Criminal History Category V and corresponding guideline range of 70-87 months.

Based on the factors enumerated under 3553(a) Mr. Arias now moves for a non-guideline sentence for the following reasons:

1) His criminal history calculations are over-represented;

2) His history of substance abuse; and his family history;

3) The delay in prosecution of the Illegal re-entry resulted in additional criminal history points.

On January 12, 2005, the Supreme Court handed down its decision in the consolidated cases of *United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005). The Court's decision consisted of two separate majority opinions.

In the first opinion, authored by Justice Stevens, the Court held that the rule of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) applies to the federal sentencing guidelines because their mandatory application under the Sentencing Reform Act of 1984 (SRA) renders the top of each guidelines range a "statutory Maximum" punishment for *Apprendi* purposes. Guidelines enhancements based on judge-found facts, which increase the applicable sentencing range and

2

thus the statutory maximum, therefore violate the Sixth Amendment right to jury trial. In particular, the Court held that:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.
> *Booker*, 125 S. Ct. at 756.

In the second opinion, authored by Justice Breyer, the Court held that the proper remedy, in light of the Court's Sixth Amendment holding, is for the Court to judicially strike the language from the SRA that makes the sentencing guidelines mandatory. The guidelines thus become "effectively advisory" in all cases, including those in which there are no Sixth Amendment-offending enhancements. As a result, the guidelines are now just one factor among several that sentencing courts are required to consider in imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). The result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), after considering:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant [§ 3553(a)(1)];

(2) the kinds of sentences available [§ 3553(a)(3)];

(3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) Guideline range [§ 3553(a)(4) & (a)(5)];

(4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct [§ 3553(a)(6)]; and

Section 3553(a) is referred to in *Booker* and most post-*Booker* case law as containing various "factors" – one of which is the guidelines – that must now be considered in determining a

sentence. This is a potentially misleading oversimplification. Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. Because the sentencing mandate contains a limiting consideration the sentencing mandate is an overriding principle that limits the sentence a court may impose.

### The Section 3553(a) Sentencing Mandate: the "Parsimony Provision"

The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence *"sufficient, but not greater than necessary,"* to comply with the four purposes of sentencing set forth in Section 3553(a)(2):

>   (a) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide "just punishment");
>
>   (b) deterrence;
>
>   (c) incapacitation ("to protect the public from further crimes"); and
>
>   (d) rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision". The Parsimony Provision is not just another "factor" to be considered along with the others set forth in Section 3553(a) – it sets an independent limit on the sentence a court may impose. *See United States v. Denardi*, 8892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, Jr., concurring in part, dissenting in part) (since § 3553(a) requires sentence to be no greater than necessary to meet the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range).

4

As noted above § 3553(a) specifically mandates that the Court impose a sentence "sufficient but not greater than necessary." It is respectfully submitted that a sentence within the calculated range of 70-87 months would be contrary to the 3553(a) mandate and would be excessive and greater than necessary. The decisions in *Booker* and *United States v. Crosby*, 307 F.3d 103 (2nd Cir. 2005) provide this Court the ability to fashion a just sentence unhindered by the strict rigors of the sentencing guidelines.

### I.   MR. ARIAS' CRIMINAL HISTORY IS OVER-REPRESENTED

The pre-sentence report concerning Mr. Arias' criminal history computation places him in criminal history category V. This categorization is solely a result of non-violent drug related offenses. All of Mr. Arias' twelve criminal history points stem from heroin related drug offenses. Nine of these criminal history points are from a 1998 sentence in Massachusetts in which he received a seven year term of imprisonment. The remaining three criminal history points stem from the underlying state arrest in May of 2006. Arias was convicted in January of 2007 after which he was sentenced to two years imprisonment.

When Mr. Arias was arrested in May of 2006 a federal detainer was placed on him. He was interviewed by Immigration officials in June of 2006 but was not writted into federal custody until July 2007, over a year later. (PSR ¶ 4, 13) This delay resulted in a 2007 conviction on the underlying May 2006 charge which, in turn, culminated in three additional criminal history points. Had the federal authorities not delayed as they did these points would not be added. If the Court were not to consider this New York State conviction in Mr. Arias' criminal history points, his criminal points would total 9 and the corresponding criminal history category would be IV. At an adjusted offense level of 21 and criminal history category IV the resulting

guideline range would be 57-71 months. Similarly, if the Court were to consider only a portion of the criminal history points for Mr. Arias' three heroin convictions in Massachusetts his corresponding guideline range could be either 41-51 or 46-57 months.

At the time, Mr. Arias was sentenced to two years for the underlying offense in Westchester County Supreme Court his federal deportation detainer had already been place. For these reasons and the other reasons enumerated in this memorandum it is respectfully requested that the Court sentence Mr. Arias to a non guideline sentence to run concurrent with his State sentence of two years incarceration, i.e. to run from May of 2006.

## II.   MR. ARIAS' FAMILY CIRCUMSTANCES AND HISTORY OF SUBSTNACE ABUSE

Concededly, Mr. Arias has not led an exemplary life. Mr. Arias' legally entered the country as a baseball prospect for the Major League franchise Baltimore Orioles. Unfortunately, during this time he became addicted to alcohol and drugs and this addiction coupled with his lack of education and other work experience has resulted in most of his legal troubles. Mr. Arias' alcohol and drug use inevitably led to his involvement in selling drugs in Massachusetts.

This is in no way an attempt to minimize Mr. Arias' prior criminal history and violations of the law, but rather, to present all the facts in the relevant context so that the court may arrive at a reasonable sentence.

## III. CONCLUSION

We respectfully request that the Court sentence Mr. Burwell to a non-guideline sentence concurrent with his state criminal conviction of 24 months which would sufficiently to satisfy the sentencing factors but would reasonable and not greater than necessary.

Very truly yours,

MICHAEL K. BURKE

MKB:la

Cc: Assistant United States Attorney Nicholas McQuaid (Via Facsimile (914) 993-1980)