

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 25, 2007

<u>BY FAX</u>
Kevin P. Gilleece, Esq.
Gilleece & Gilleece
399 Knollwood Road
Suite 207
White Plains, New York 10603
Fax: (914) 761-0807

Re:   <u>United States v. Dionicio Antonio Arias, a/k/a
      "Yovanni Arias," a/k/a "Jobani Arias," a/k/a
      "Yobany Santana," a/k/a "Albelo Santanta," a/k/a
      "Abelo Santana," a/k/a "Santo Araujo," a/k/a
      "Leonardo Reimon,"</u> 07 Mag. 1021, 07 Cr. ___

Dear Mr. Gilleece:

Pursuant to the suggestion of the Court in <u>United States</u> v. <u>Pimentel</u>, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the present position of the Office of the United States Attorney for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to this case. The Guidelines provisions in effect as of November 1, 2006, apply in this case. This analysis is set forth for informational purposes only, and forms no part of any plea agreement between the Office and Dionicio Antonio Arias(the "defendant").

The Information charges that on or about May 18, 2006, the defendant entered and was found in the United States after having been deported from the United States subsequent to a conviction for an aggravated felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2). This charge carries a maximum sentence of twenty years' imprisonment; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greater of $250,000 or twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than the defendant; a maximum term of three years' release; and a $100 mandatory special assessment. Further, the defendant may be subject to an order of restitution to any victims of the offense, pursuant to Title 18, United States Code,

Kevin P. Gilleece, Esq.
September 25, 2007
Page 2


Sections 3663 and 3664, although the Government is currently unaware of any factual basis for restitution in this case.

The Government presently believes that the Guidelines apply to the crime charged in the Information as follows:

**A. Offense Level**

1. U.S.S.G. § 2L1.2 applies to the offense charged in the Information. Pursuant to U.S.S.G. § 2L1.2(a), the base offense level is 8.

2. A 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A) applies because the defendant was deported on or about June 14, 2004, subsequent to being convicted on or about May 20, 1998, in Suffolk Superior Court, Massachusetts, of a felony drug trafficking offense for which he received a sentence of seven years' imprisonment.

2. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 21.

**B. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has 14 criminal history points, calculated as follows:

1. After being arrested on or about November 3, 1995, for conduct that occurred on or about the same day, the defendant was convicted of a felony heroin trafficking offense on or about May 20, 1998, in Suffolk Superior Court, Massachusetts, and

Kevin P. Gilleece, Esq.
September 25, 2007
Page 3

sentenced to a term of imprisonment of 7 years and 1 day. This conviction results in 3 criminal history points. U.S.S.G. § 4A1.1(a).

2. After being arrested in or about June 1996, for conduct that occurred on or about June 10 and June 15, 1996, the defendant was convicted of a felony heroin trafficking offense on or about May 20, 1998, in Suffolk Superior Court, Massachusetts, and sentenced to a term of imprisonment of 7 years and 1 day. This conviction results in 3 criminal history points. U.S.S.G. §§ 4A1.1(a), 4A1.2 application note 3.

3. After being arrested in or about June 1997, for conduct that occurred on or about June 28, 1997, the defendant was convicted of a felony heroin trafficking offense on or about May 20, 1998, in Suffolk Superior Court, Massachusetts, and sentenced to a term of imprisonment of 7 years and 1 day. This conviction results in 3 criminal history points. U.S.S.G. §§ 4A1.1(a), 4A1.2 application note 3.

4. The defendant was convicted of criminal possession of a controlled substance in the fourth degree, a felony, on or about January 29, 2007, in Westchester County Court, and sentenced to 2 years' incarceration. This conviction results in 3 criminal history points. U.S.S.G. § 4A1.1(a).

5. Because the defendant committed the instant offense less than two years after his release from imprisonment in connection with his May 20, 1998 convictions, he is accorded 2 criminal history points. U.S.S.G. § 4A1.1(e).

Therefore, the defendant has a total of 14 criminal history points, which places him in Criminal History Category VI.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing range is 77-96 months' imprisonment. At Guidelines level 21, the applicable fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

The foregoing Guidelines calculation is based on facts and information presently known to the Office. Nothing in this letter limits the right of this Office to change its position at any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge and/or Probation

Kevin P. Gilleece, Esq.
September 25, 2007
Page 4

Department, either orally or in writing, any and all facts and arguments relevant to sentencing, and/or to the defendant's criminal history category, that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to take a position on any departure that may be suggested by the sentencing Judge, the Probation Department, or the defendant.

Further, this letter does not and cannot bind either the Court or the Probation Department, either as to questions of fact or as to determinations of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon the defendant is determined solely by the sentencing Judge. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Brent S. Wible
Assistant United States Attorney
(914) 993-1928